IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT 2 6 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JEFFREY STEVEN MARX, | § | |
| TDCJ-CID #716623, | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-05-3567 |
| v. | § | |
| DOUGLAS DRETKE, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

State inmate Jeffrey Steven Marx has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1998 state court felony conviction. After considering the pleadings and the applicable law, the Court concludes that the petition must be dismissed as time-barred.

### I.   PROCEDURAL HISTORY

According to his petition, Marx was convicted of aggravated sexual assault of a minor on June 24, 1998 under cause number 7723 in the 33rd Judicial District Court of Harris County, Texas, and was sentenced to life imprisonment. The conviction was affirmed on appeal. *Marx v. State*, No. 03-98-00412-CR (Tex. App. – Austin 1999, pet. ref'd) (not designated for publication). His petition for discretionary review was refused on June 7, 2000. *Marx v. State*, PDR No. 0731-00.

Marx did not seek state habeas relief on this conviction until 2004. According to public records for the Texas Court of Criminal Appeals, state habeas relief was denied on

July 13, 2005 under Application No. 49,387-02, and on August 31, 2005 under Application No. 49,387-03. Marx filed this pending federal habeas petition on October 10, 2005.

## II.   DISCUSSION

### A.   The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

In this case, Marx's conviction became final for purposes of the one-year limitations at the conclusion of direct review or the expiration of the time for seeking such review. As noted above, his petition for discretionary review was refused on June 7, 2000. Although Marx did not file a petition for a writ of *certiorari* to the United States Supreme Court, his time to do so expired ninety days later, on or about September 7, 2000. *See* SUP. CT. R. 13.1. That date triggered the AEDPA statute of limitations, which expired one year later on or about September 7, 2001. This pending federal petition, filed in 2005, is time-barred unless an exception applies.

### B.     Tolling Provisions

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). As limitations expired in 2001, Marx's state habeas application filed in 2004 was filed after expiration of limitations, and had no tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). No grounds for application of 28 U.S.C. § 2244(d)(1)(B), (C), or (D), or for application of any equitable tolling provision, have been shown. Accordingly, there is no statutory or other basis to save

3

Marx's untimely petition. This pending habeas petition is barred by the AEDPA one-year limitation period.

## III. CONCLUSION

The petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 26 day of October, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE